Richard D. NULL, Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2013–SC–000507–KB.

Supreme Court of Kentucky.

Sept. 26, 2013.

## OPINION AND ORDER

Richard D. Null asks this Court to enter an order resolving his two pending disciplinary cases, KBA Files 21275 and 21276, by imposing a 61–day suspension from the practice of law, probated for a period of two years with certain conditions. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

Null was admitted to the practice of law in the Commonwealth of Kentucky on April 24, 1998. His bar roster address is 115 Noah Cove, Suite A, Paducah, Kentucky 42003, and his bar member number is 87271.

The first file, KBA File 21275, relates to Null's representation of Steve Melloy in 2011. Melloy hired Null to handle several criminal cases and an uncontested divorce. Null received $2,500 for the representation. Null completed the criminal representation, but he failed to prepare the divorce petition. He agreed to refund part of his fee and to provide Melloy with his file, but failed to provide the file and to refund the money.

The Inquiry Commission issued a three-count charge in KBA File 21275 on March 26, 2013. Count I alleged a violation of SCR 3.130–1.3[1] for Null's failure to complete Melloy's uncontested divorce. Count II alleged a violation of SCR 3.130–1.16(d)[2] for Null's failure to return the

---

1. SCR 3.130–1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client."

2. SCR 1.130–1.16(d) states: "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or

unearned portion of the fee to Melloy and for failing to provide the file to Melloy. Count III alleged a violation of SCR 3.130–8.4(c) [3] for falsely stating to Melloy that he would provide the file and that he would be sending, or had already sent, a refund of the unearned fee.

The second file, KBA File 21276, relates to Null's representation of Mary Gomer. On November 9, 2011, Gomer retained Null to represent her in a divorce. She paid Null $1,100. On December 20, 2011, Null met with Gomer, told her he had prepared the appropriate paperwork for her divorce, and had her sign a petition for the dissolution of marriage. During the first four months of 2012, Gomer contacted Null concerning the status of her divorce and was told that the petition had been filed and that the case was progressing. Gomer scheduled meetings with Null in May and September 2012, but Null canceled them. In September, Gomer contacted the McCracken County Circuit Clerk and learned that Null had not filed the petition. When confronted, Null apologized and refunded Gomer's money.

The Inquiry Commission issued a three-count Charge in KBA File 21276 on March 26, 2013. Count I alleged a violation of SCR 3.130–1.3 based on Null's failure to proceed with Gomer's divorce. Count II alleged a violation of SCR 3.130–1.4 [4] for his failure to inform Gomer that her divorce petition had not been filed. Count III alleged a violation of SCR 3.130–8.4(c) for Null's false statements to Gomer indicating that the petition had been filed and the divorce was proceeding.

Null has reached a negotiated sanction with Bar Counsel to resolve the charges against him under which he would receive a 61–day suspension, probated for a period of two years on the conditions that (1) he refund $400 to Steve Melloy, the complaining witness in KBA File 21275; (2) he contact the Kentucky Lawyers' Assistance Program for an evaluation; and (3) he not be the subject of new disciplinary charges during the period of probation.

■ Null admits that he is guilty of violating the Rules of Professional Conduct as charged in KBA Files 21275 and 21276, and now asks the Court to enter an order in conformity with his negotiations with Bar Counsel. Null's history of past discipline consists of a private reprimand with conditions, which was imposed in 2008.

Bar Counsel has no objection and asks that the motion be granted, noting that the misconduct in both cases occurred in 2011, that "the circumstances suggest [Null], a solo practitioner, was having difficulty managing his practice," and that Null had indicated that "he would perhaps benefit from an evaluation by KYLAP and any follow up assistances and guidance that the program can offer." According to Bar Counsel, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by Null.

■ The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties

---

incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

3. SCR 3.130–8.4(c) states: "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation...."

4. Though the charge did not specify which subsection of the rule was involved, based on the context, the relevant portion of SCR 3.130–1.4 states: (a) A lawyer shall ... (3) keep the client reasonably informed about the status of the matter...."

agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court. After reviewing the allegations, and Null's disciplinary record, this Court concludes that the discipline Null proposes is adequate.

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Richard D. Null is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Null is suspended from the practice of law for 61 days, with that suspension probated for a period of two years on the conditions that (a) he refund $400 to Steve Melloy, the complaining witness in KBA File 21275; (b) he contact the Kentucky Lawyers' Assistance Program for an evaluation; and (c) he not be the subject of new disciplinary charges during the period of probation.

3. In accordance with SCR 3.450, Null is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $112.04, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, KELLER, NOBLE, SCOTT and VENTERS, JJ., concur.
CUNNINGHAM, J., not sitting.

ENTERED: September 26, 2013.

/s/ John D. Minton, Jr.