TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0197-KB

IN RE: RICHARD DAVIS NULL

IN SUPREME COURT

**OPINION AND ORDER**

Richard Davis Null, Kentucky Bar Association (KBA) Number 87271, was admitted to the practice of law in the Commonwealth of Kentucky on April 24, 1998. His bar roster address is listed as 535 Broadway, Paducah, Kentucky.

Null has most recently been charged in File No. 23-DIS-0093 and 23-DIS-0176 with seven violations of our Supreme Court Rules of Professional Conduct for which the Board of Governors unanimously recommended a two-year suspension to run consecutively to discipline previously ordered by this Court. For reasons stated below, we decline to follow the Board's recommendation and instead indefinitely suspend Null from the practice of law.

## I. FACTS AND PROCEDURAL BACKGROUND

This most recent case involves two separate disciplinary actions.

### A. File 23-DIS-0093

Samantha Messenger filed a bar complaint against Null relative to a child custody matter in which she paid Null $3,000.00. Null appeared on Messenger's behalf at two hearings in Calloway County and three juvenile proceedings in McCracken District Court but stopped returning Messenger's calls in early 2023. On September 15, 2023, the Inquiry Commission

filed a four-count Charge against Null alleging violations of Supreme Court Rules (SCR) 3.130(1.3); SCR 3.130(1.4)(a)(3) and (4); SCR 3.130(1.16)(d); and SCR 3.130(8.4)(c).

**B. File 23-DIS-0176**

Donelle and Roman Bledsoe retained Null in January 2021, to defend them regarding criminal charges in Marshall County and paid Null a total of $6,300.00. Null appeared at six hearings on their behalf prior to the trial court ordering a status hearing for March 28, 2023. The Bledsoes stated that when they reached Null by phone to discuss the March hearing, Null informed them that he was retired. The Bledsoes later discovered that Null was in fact suspended and filed both a bar complaint and a claim with the Client Security Fund for the money they had paid him for their representation. On September 15, 2023, the Inquiry Commission filed a three-count Charge against Null alleging violations of SCR 3.130(1.3); SCR 3.130(1.16)(d); and SCR 3.130(8.4)(c).

**C. Attempts to Locate Null and Recommended Discipline**

Both Charges were sent by certified mail to Null's bar roster address on September 15, 2023, but were returned as unclaimed. The Charges were then forwarded to the McCracken County Sheriff on October 13, 2023, but that office was unable to serve Null at either his bar roster address or at an alternate address in Paducah. The McCracken County Sheriff later provided the Office of Bar Counsel with an alternate address of 5619 PGA Boulevard, Apartment 1224, Orlando, FL 32839 for Null. A second certified mailing was

sent to that address but returned with a notation of "Return to Sender, Not Deliverable as Addressed, Unable to Forward" on November 27, 2023.

Given Null's failure to comply with SCR 3.035(1) and keep the KBA informed of an address at which he could be "communicated with by mail," Null had to be constructively served via the KBA Executive Director on December 11, 2023, pursuant to SCR 3.035(2) which permits appointment of the Executive Director as the member's agent for service of process after "reasonable efforts have been made to achieve actual service of the document upon the member[.]" The record further reflects that the Executive Director fully complied with the requirements of SCR 3.035(2)(b) through (d).

Null never answered the Charges or made any appearance in the underlying actions. The Charges were consolidated and submitted to the Board of Governors as a default case pursuant to SCR 3.210(1). The Board of Governors, with one recusal, unanimously determined that Null was guilty of each of the seven counts of professional misconduct alleged against him and recommended that Null "be suspended for two (2) years, to run consecutively to previous discipline; make restitution in the amount of $3,000.00 to Samantha Messenger; make restitution in the amount of $6,300.00 to Donella and Roman Bledsoe; and pay costs[1] associated with this action."

---

[1] Calculated and certified by the Disciplinary Clerk in the amount of $740.17.

## II. PRIOR DISCIPLINARY ACTIONS

This latest case is only the most recent in an extensive history of disciplinary actions regarding Null.

On September 26, 2013, we suspended Null for sixty-one days, probated for two years, on the conditions that he pay restitution in the amount of $400, contact the Kentucky Lawyers Assistance Program (KYLAP) for an evaluation and not receive any new disciplinary charges during the probation period. *Null v. Ky. Bar Ass'n*, 408 S.W.3d 76 (Ky. 2013).

Eight new disciplinary actions were filed against Null and resolved by our December 15, 2022, Opinion and Order (as modified on March 23, 2023). *Null v. Ky. Bar Ass'n*, 2022-SC-0422-KB, 2022 WL 19330699 (Ky. Dec. 15, 2022) (unpublished). In that case, Null was suspended from the practice of law for one year, 180 days of which were to be served, and the balance of 185 days to be probated for two years, subject to a number of conditions including: (a) refunding unearned fees to six former clients; (b) attending the Ethics and Professionalism Enhancement Program (EPEP); (c) attending the Trust Account Management Program (TAMP); (d) paying all costs imposed in the action; and (e) notifying all current clients and courts in which he had matters pending of his suspension.

On April 26, 2023, the KBA made a motion for this Court to enter a show cause order against Null for violating the conditions of his probation and on May 19, 2023, this Court entered an Order to Show Cause directing Null to show cause why the 185-day probated portion of his one-year suspension

should not be imposed for his failures to conform with this Court's prior order.

Null filed no pleadings or documentation whatsoever in conformity with the Order to Show Cause and on August 24, 2023, we entered our Opinion and Order which imposed the previously probated portion of Null's suspension, stating:

> The 185-day suspension, previously probated, is now imposed on Richard Davis Null as a suspension from the practice of law due to his failure to show cause and his failure to comply with the terms of his probation as provided for in this Court's Opinion and Order dated December 15, 2022. This 185-day suspension is in addition to the 180-day suspension previously imposed by this Court and now constitutes a total suspension of one year, all in conformity with our December 15, 2022 Opinion and Order as modified on March 23, 2023.

*Null v. Ky. Bar Ass'n*, 677 S.W.3d 344 (Ky. 2023).

In addition to the foregoing, Null's KBA records show one private reprimand from this Court dated April 15, 2008, and four private reprimands from the Inquiry Commission over the period of July 8, 2019, to March 9, 2022.

### III. ANALYSIS

Null's present location is unknown to both the KBA and this Court. It appears from the record before us that Null decided to effectively, and permanently, cease observing the Rules of Professional Conduct and cease complying with the direct orders of this Court once his initial term of temporary suspension became effective on December 15, 2022.

While the Board of Governors has recommended that Null be subject to a two-year suspension, given Null's prior disciplinary actions, his current suspension, the abandonment of his former clients, and his complete disregard for the orders of this Court and the rules of practice in this Commonwealth, we have determined that Null should be suspended from the practice of law *indefinitely* pursuant to SCR 3.167(1) which states:

> The Court may in its discretion, *sua sponte,* or on motion by the Office of Bar Counsel, suspend the Respondent from the practice of law for an indefinite period of time in cases in which the Respondent has failed to file an answer to a Charge pursuant to SCR 3.164, or having answered, has thereafter failed to participate in the disciplinary process.

We do not regard this as a final adjudication of the matter. Null's indefinite suspension shall remain in effect pending further review by this Court upon his motion for a final determination in this case which includes an accounting for both his failure to respond in this current matter and his failures to abide by the prior orders of this court, upon a motion of the Kentucky Bar Association for a final disposition, upon the presentation of additional charges against Null, or upon the Court's own initiative.

## ORDER

ACCORDINGLY, IT IS ORDERED THAT:

1. Richard Davis Null is suspended from the practice of law indefinitely;

2. All prior orders of this Court, including but not limited to those concerning the refunding of money by Null to each of his former clients, remain in full force and effect;

3. As required by SCR 3.390, Null will, if he has not already done so, within 10 days after issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all clients of his inability to represent them and of the necessity and urgency to promptly obtain new counsel. Null shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

4. Null shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension;

5. Null is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not, during the term of suspension, accept new clients or collect unearned fees, and he shall comply with the provisions of SCR 3.130(7.50); and

6. In accordance with SCR 3.450, Null is directed to pay all costs associated with these disciplinary proceedings in the amount of $740.17, for which execution may issue from this Court upon finality of this Opinion and Order.

VanMeter, C.J.; Bisig, Conley, Lambert, Keller, and Thompson, JJ., sitting. All concur. Nickell, J., not sitting.

ENTERED:  August 22, 2024.

_____
CHIEF JUSTICE